■    HAROLD J. ROSINSKY, Appellant-Respondent, v. THERESE ROSINSKY, Respondent-Appellant.— In an action in which defendant was granted a divorce by a judgment of the Supreme Court, Nassau County, entered May 9, 1973, after a nonjury trial, the parties cross-appeal from stated portions of the judgment, as follows: (1) Both parties appeal from so much of the judgment as (a) awards defendant (i) $250 per week alimony beginning when she vacates the marital home in Great Neck and (ii) a $5,000 counsel fee and (b) directs plaintiff to pay defendant $70 per week child support for each of the parties' two children; (2) plaintiff further appeals from so much of the judgment as (a) directs him to pay $10,000 for "legal necessaries incurred by defendant", (b) directs the parties to divide the furnishings located in both the Great Neck home and in a co-operative apartment in Paris, France, and (c) directs plaintiff to transfer to defendant his interest ·in 493 shares in a certain corporation, which shares pertain to said co-operative apartment; and (3) defendant further appeals from so much of the judgment as awards her (a) $200 per week alimony until she vacates the Great Neck home and (b) sole occupancy, possession and use of the Great Neck home until July 31, 1973. Judgment modified, on the law and the facts, by reducing the award of the "legal necessaries" to $6,867.69. As so modified, judgment affirmed insofar as appealed from, without costs. In her sixth counterclaim, defendant sought to recover $12,367.69 as reimbursement for necessaries purchased by her after plaintiff abandoned her. However, her list itemizing such necessaries includes two items which do not represent expenditures, but rather loans to enable her to make expenditures already included in the list. The aggregate amount of these two items is $5,500. Therefore, the amount of such necessaries should have been reduced to $6,867.69. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur..